**Jimmy Lynn TURNER, Plaintiff,**

**v.**

**DIERKS SCHOOL DISTRICT, a Body Corporate; Gene Simmons, Wayne Kesterson, Mike Moore, Hershel Eudy, and Jerry Mounts, as Board Members of the Dierks School Board, Defendants.**

**No. 91–4130.**

United States District Court,
W.D. Arkansas,
Texarkana Division.

Jan. 23, 1992.

Darrell F. Brown, Little Rock, Ark., David O. Bowden, Alexander, Ark., for plaintiff.

Alfred F. Angulo, Jr., Little Rock, Ark., for defendants.

## MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

Plaintiff has sued the Dierks School Board under two legal theories. First, plaintiff complains, citing 42 U.S.C. § 1983, that his vote in at-large school board elections has been diluted in violation of the equal protection clause of the Fourteenth Amendment. Second, he asserts that the school board has violated Arkansas law in failing to institute zone districts to replace the current at-large regime. Defendants have moved to dismiss for failure to state a claim. The motion will be granted and the case dismissed.

The Dierks school district includes the towns of Dierks, New Hope, and Greens Chapel, and their surrounding rural areas. Average daily attendance in the district is approximately 240. There are five members of the school board. Members are selected in an at-large scheme.

Plaintiff lives in the school district but outside the city of Dierks. He avers that "the at-large regimen ... effectively disenfranchises those voters such as Plaintiff herein who reside in the communities of Greens Chapel or New Hope." In a recent election, the total votes were 429—300 from Dierks and 129 from outside Dierks. School board candidates have on occasion carried a majority of votes in New Hope but still lost the election. Plaintiff argues that he "has had the strength of his vote in the school board elections ... diluted to the point that he and similarly situated voters have no realistic opportunity of participating meaningfully in the election process within the Dierks Public School District." In conclusion, plaintiff advances the argument that a vote "in the City of Dierks is worth significantly more than the same vote cast in either Greens Chapel or New Hope, thus, creating discrimination between the various regions without rational basis and violating the principle of 'one man, one vote.'"

The principle of one man, one vote is indeed an important cornerstone of our system of ensuring popular participation in choosing public leadership at all levels of government. In determining whether an individual's vote has been diluted, "the relevant inquiry is whether 'the vote of any citizen is approximately equal in weight to that of any other citizen,' ... the aim being to provide 'fair and effective representation for all citizens.'" *Board of Estimate v. Morris*, 489 U.S. 688, 701, 109 S.Ct. 1433, 1441, 103 L.Ed.2d 717 (1989), quoting *Reynolds v. Sims*, 377 U.S. 533, 579, 565–66, 84 S.Ct. 1362, 1383–84, 1390, 12 L.Ed.2d 506 (1964). In other words, the question is whether one person's vote counts the same as another's. In this at-large voting scheme, it does. The vote of someone in Dierks counts the same as that of someone outside Dierks. Each voter in this small district has one vote, no more, no less. It is thus inaccurate to say, as plaintiff contends, that the vote of someone in Dierks is more "significant," for it has the same value as any other vote in the district.

It is nowhere alleged that the at-large voting scheme was instituted purposefully to dilute the votes of people outside Dierks, only that the school board has not changed the system since people outside Dierks have complained. Under the Voting Rights Act, *see* 42 U.S.C. §§ 1973–1973bb–1, and the Fourteenth and Fifteenth Amendments, intentional, racially motivated vote dilution has been found illegal in at-large districts. *See, e.g., Lodge v. Buxton*, 639 F.2d 1358 (5th Cir.1981), *aff'd sub nom. Rogers v. Lodge*, 458 U.S. 613, 102 S.Ct. 3272, 73 L.Ed.2d 1012 (1982). But plaintiff has not cited a single case in which, under the rubric of 42 U.S.C. § 1983, a wholly at-large scheme was held to have diluted votes on a geographic basis, in a case not involving discrimination on the basis of race. The cases plaintiff cites, *Morris*, 489 U.S. at 688, 109 S.Ct. at 1433, and *Cunningham v. Municipality of Metropolitan Seattle*, 751 F.Supp. 885 (W.D.Wash.1990), involved districts of mixed zone and at-

large positions in which the zones created inequality in the power of an individual's vote in different zones.

The closest Eighth Circuit case to the one at bar is *Pettengill v. Putnam County R–1 School District*, 472 F.2d 121 (8th Cir. 1973) (*per curiam*). In *Pettengill*, the plaintiffs sued under 42 U.S.C. § 1983, arguing that illegally cast votes in a school bond election effectively diluted their own votes, and asked that the election be set aside. The Eighth Circuit posited:

> In essence, the appellants' complaint asks the federal court to oversee the administrative details of a local election. We find no constitutional basis for doing so in the absence of aggravating factors such as denying the right of citizens to vote for reasons of race, ... or fraudulent interference with a free election by stuffing of the ballot box, ... or other unlawful conduct which interferes with the individual's right to vote, *see* 42 U.S.C. § 1985.

472 F.2d at 122. Plaintiff has not alleged discrimination because of race, and has not alleged any intentional interference with his right to vote other than the maintenance of an at-large voting system. *Pettengill* suggests that plaintiff must allege some intentional scheme to deprive him of his right to vote. He has not done so.

In short, the maintenance of an at-large voting system, by itself, is not a violation of federal law, even where candidates from one community have difficulty defeating candidates from another community in the same district. *See Lodge*, 639 F.2d at 1362. Plaintiff has alleged no more than this. Plaintiff has therefore failed to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6).

In his complaint plaintiff appended a second claim based on state law. Because the federal claim will be dismissed, the court declines to address the pendent state law claim, and leaves the matter to the state courts, if plaintiff wishes to pursue it there.